UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

FILED BY __MC__ D.C.
JUL -8 2025
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

UNITED STATES OF AMERICA,
    Plaintiff,

vs.
    Case No: 24-CR-20110-GAYLES

CLEMENTA JOHNSON,
    Defendant.
_____/

## MOTION TO SUPPRESS STATEMENTS AND DISMISS COUNTS ON FIFTH AND SIXTH AMENDMEN VIOLATIONS, ATTORNEY MISCONDUCT, AND PROSECUTORIAL MISCONDUCT UNDER KASTIGAR AND RELATED PRECEDENT

COMES NOW the Defendant, Clementa Johnson, pro se, and respectfully moves this Honorable Court to suppress all statements made during Government debriefs and dismiss all charges derived therefrom due to egregious violations of the Fifth and Sixth Amendments of the United States Constitution, as well as breach of attorney-client privilege. In support, Defendant states as follows:

## I. FACTUAL BACKGROUND

- Defendant's former counsel, Jordan Lewin, engaged in discussions with the Government during which confidential attorney-client communications were disclosed.
- These communications were not covered by any valid immunity agreement, nor was a Kastigar hearing held.
- The Government used these statements to obtain a superseding indictment, which added a §922(G) count and bolstered charges under §1958(a).
- Defendant was never shown discovery (1 year and counting), nor informed of his right to appeal the court's denial of his §924(c) dismissal motion.
- Counsel also waived critical procedural safeguards including the right to a Kastigar hearing without Defendant's knowledge or consent.

## II. LEGAL ARGUMENT

### A. FIFTH AMENDMENT VIOLATION USE OF UNPROTECTED STATEMENTS

The Government is prohibited from using statements made during plea negotiations or cooperation sessions unless there is a valid immunity agreement or Kastigar protections are observed. See "Kastigar v. United States", 406 U.S. 441 (1972). Defendants' disclosures were used to support a superseding indictment in direct violation of these standards.

### B. SIXTH AMENDMENT VIOLATION INEFFECTIVE ASSISTANCE AND PRIVILEGE BREACH

Under "Strickland v. Washington", 466 U.S. 668 (1984), Counsel must provide effective representation. Disclosing client confidences without consent is per se ineffective assistance. See also "United States v. Levy", 577 F.2D 200 (3rd Cir. 1978). The breach here was not only unethical it materially contributed to the Government's theory of prosecution.

### C. ATTORNEY MISCONDUCT WARRANTS SUPPRESSION

ATTORNEY Lewin's conduct constitutes a breach of duty under both the ABA Model Rules and controlling Eleventh Circuit authority. In "United States v. Pisoni", SD FLA. (Gayles, J.), the court granted a new trial after finding the Government improperly used privileged material. That same principle applies here.

### D. GOVERMENT MISCONDUCT KNOWING USE OF PRIVILEGED MATERIAL

The Government's knowledge that it was receiving attorney-client privileged information should have triggered ethical constraints. Instead, it used the Defendant's own disclosures to secure a harsher indictment. This is improper and undermines due process.

## III. CONCLUSION

WHEREFORE, Defendant respectfully request the following:

1. Suppress all statements, and statements made during the debriefs;

2. Dismiss Count 16 (§924(c)) and any charges added in the superseding indictment based on those statements;
3. Grant a Kastigar hearing to determine the scope of taint and whether independent sources exist for the indictment;
4. Disqualify AUSA Abbie Waxman and conduct an evidentiary hearing regarding prosecutorial misconduct.

Respectfully submitted,
Clementa L. Johnsen Jr
June 29Th, 2025

Wherefore, based on the stated legal arguments and provided legal authority the Defendant prays this Honorable Court will grant this motion and dismiss Count 16 of the superseding indictment and any other relief that the defendant is entitled to, given the described jurisdictional defect.

Clementa L. Johnson Jr. 85053-004
FDC-Miami
P.O. Box 019120
Miami, FL 33101

MIAMI FL 330
1 JUL 2025 PM 5 L

Judge Gayles
United States District Court
Southern District of Florida
400 N. Miami Avenue
Miami, FL 33128

✷Legal Mail✷

33128-771899

REC'D BY _____ D.C.
JUL 08 2025
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI